**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LAWRENCE BLANKENSHIP     _____      :      CIVIL ACTION
           :
    v.             :      NO. 06-709
           :
XLIBRIS CORPORATION            :

<u>**MEMORANDUM AND ORDER**</u>

**Kauffman, J.**                                 **September  14 , 2007**

       Now before the Court is Defendant Xlibris Corporation's Motion to Dismiss Plaintiff

Lawrence Blankenship's Amended Complaint and, in the alternative, its Motion for a More

Definite Statement.  Also before the Court are cross-motions for security for costs and

Defendant's Motion for Sanctions.  For the reasons that follow, Defendant's Motion to Dismiss

will be granted, the alternative Motion for a More Definite Statement will be denied, the cross-

motions for security for costs will be denied, and the Motion for Sanctions will be denied.

**I.  BACKGROUND**

       Plaintiff Lawrence L. Blankenship (hereinafter "Plaintiff"), appearing *pro se*, brings this

diversity action against Xlibris Corporation (hereinafter "Defendant") seeking a judgment "in the

amount of $20,000.00, plus costs, attorney[s] fee[s], and interest."  Am. Compl. ¶ 5.[1]  The

_____

[1]      The Amended Complaint is confusingly worded and somewhat difficult to follow.
Nevertheless, the Court will construe it liberally and hold it "to less stringent standards than
formal pleadings drafted by lawyers."  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Because the
Amended Complaint is less factually detailed than the original Complaint, the Court will
examine both documents together in order to consider Plaintiff's allegations to their fullest
extent.

original Complaint was filed on February 17, 2006, and because it failed to allege facts sufficient to allow Defendant to form a response, this Court granted Defendant's Motion for a More Definite Statement.  Plaintiff filed the Amended Complaint on December 11, 2006.

According to the Amended Complaint, on or about July 15, 2004, Plaintiff and Defendant entered into a Publishing Agreement.  Id. ¶ 2.[2]  Thereafter, Defendant's agent Mary Jervis "negligently destroyed" Plaintiff's book entitled The Divine Law: The Law of God and the Law of the States, Vol. 1.  Id.  Plaintiff alleges that Defendant "[d]estroyed said copyright book and under the circumstances and without due regard for the Plaintiff" by "[f]ailing to maintain due care under proper and adequate control at the time" and that this failure was due to "[c]arelessness of the Defendant without due regard for the right, safety, and position of the Plaintiff."  Id. ¶ 4.  "As a result Plaintiff suffered loss of earnings from royalties, all gains, profits, and advantages derived by Defendant Xlibris . . . ."  Id. ¶ 3.

On December 21, 2006, Defendant filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and in the alternative, a Motion for a More Definite Statement.  On March 5, 2007, Defendant filed a Motion for Security for Costs

---

[2]    As with a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court deciding a "facial attack" on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) must also accept all well pleaded allegations in the complaint as true.  See, e.g., Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977) (contrasting a "facial attack" on jurisdiction, in which the allegations of the plaintiff are assumed to be true, with a "factual attack" on jurisdiction, in which "no presumptive truthfulness attaches to plaintiff's allegations").  A "facial attack" contends "that the complaint fails to allege subject matter jurisdiction, or contains defects in the jurisdictional allegations."  Jiricko v. Bennett, Bricklin & Saltzburg, LLP, 321 F. Supp. 2d 636, 639 (E.D. Pa. 2004) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1250, at 212-18 (2d ed. 1990)).  Because Defendant alleges that the Amended Complaint is facially insufficient to support jurisdiction (as opposed to arguing that the Court has no jurisdiction in fact), the Court will consider the 12(b)(1) motion as a "facial attack" and assume, as with the 12(b)(6) motion, that Plaintiff's allegations are true.

pursuant to Eastern District of Pennsylvania Civil Procedure Local Rule 54.1; on March 27,

2007, Plaintiff filed a response to this motion as well as a motion seeking security for costs from

Defendant, to which Defendant filed a response on April 5, 2007.  On March 27, 2007,

Defendant filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11.  Because

the 12(b)(1) motion seeks dismissal for lack of jurisdiction, the Court will address it first.  See,

e.g., Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila., 657 F.2d 29, 36 (3d Cir.

1981) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of

the merits.").


## II.  DISCUSSION

### A.  Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)

Pursuant to 28 U.S.C. § 1332(a), a federal district court may exercise diversity

jurisdiction in cases where the parties are citizens of different states and "where the matter in

controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs."  This statutory

requirement "must be narrowly construed so as not to frustrate the congressional purpose behind

it: to keep the diversity caseload of the federal courts under some modicum of control."  Packard

v. Provident Nat'l Bank, 994 F.2d 1039, 1044-45 (3d Cir. 1993) (citing Nelson v. Keefer, 451

F.2d 289, 293-94 (3d Cir. 1971)).  Because Plaintiff is invoking federal jurisdiction, he must

demonstrate that the amount in controversy requirement is satisfied.  See, e.g., Morgan v. Gay,

471 F.3d 469, 474 (3d Cir. 2006) ("The party wishing to establish subject matter jurisdiction has

the burden to prove to a legal certainty that the amount in controversy exceeds the statutory

threshold.").

In the instant case, Plaintiff explains that this Court has diversity jurisdiction because "the amount in controversy exceeds the sum of $20,000.00, exclusive of interest and costs."[3]  Am. Compl. ¶ 1.  Defendant argues that because the amount in controversy alleged in the Amended Complaint is only $20,000, the Court lacks jurisdiction to consider the case.[4]  Mindful of the Third Circuit's recent admonition that "estimations of the amounts recoverable must be realistic" and that an estimate of damages "should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts," Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 403 (3d Cir. 2004), the Court finds that Plaintiff is not entitled to recover in excess of $75,000 based on the allegations he has made.  Such a finding is consistent with the longstanding "policy to limit diversity jurisdiction."  Id.; see also Nelson, 451 F.2d at 295 (lamenting federal courts' reluctance to scrutinize the amount in controversy requirement and noting that this reluctance contributes to "clogging dockets, monopolizing trial rooms, and committing the expense and energies of our system to a plethora of cases which do not belong in federal courts").

The only alleged conduct giving rise to this action is Defendant's destruction of Plaintiff's book, a book which since June 29, 2000, "has been published by Plaintiff and all copies of it made by Plaintiff or under his authority or license have been printed, bound, and

---

[3]	In a later portion of the Amended Complaint, Plaintiff explains that he seeks a judgment "in the amount of $20,000.00, plus costs, attorney fee[s], and interest."  Am. Compl. ¶ 5.  Given this Court's duty to construe the Amended Complaint as liberally as possible, the Court will assume that Plaintiff's jurisdictional statement that the amount in controversy "exceeds" $20,000 controls.

[4]	In the original Complaint, Plaintiff alleges that he is a citizen of Florida and that Defendant is "organized and existing under the laws of State other [than] the State of Florida with its principal place of business in . . . Philadelphia, Pennsylvania."  Compl. ¶¶ 1, 2.  Thus, the original Complaint on its face meets the requirement that the parties are citizens of different states.  The only question is whether the amount in controversy threshold is met.

published in strict conformity with the Provisions of the Act of Congress and all other laws

governing copyright."[5]  Compl. ¶ 4.  Under Pennsylvania law, the proper measure of damages for

the destruction of non-unique property is "the value of the property prior to its destruction."

Daughen v. Fox, 539 A.2d 858, 864 (Pa. Super. Ct. 1988) (citing Miller v. C.P. Ctrs., Inc., 483

A.2d 912 (Pa. 1984)).[6]  Moreover, while Plaintiff's claim may also be considered a breach of the

Publishing Agreement, the contract itself is valued at $500–an amount far short of the

jurisdictional requirement.[7]  See Publishing Agreement 3.  Ultimately, after considering both the

value of the lost property and the value of the breach of contract claim, the Court finds that

Plaintiff's claim for the destroyed manuscript cannot meet the amount in controversy

requirement; while his claim may support an actionable loss, a destroyed manuscript is far

removed from the cases of serious physical injury that courts have found to meet the $75,000

threshold when presented as an open-ended claim.  See, e.g., McMonagle v. Franklin Mills

---

[5]       The fact that Plaintiff claims to have published and made copies of the book
indicates that the copy allegedly destroyed was not the sole copy of the book.

[6]       The Publishing Agreement provides that Pennsylvania law applies to this case.
See Publishing Agreement 4, attached to Am. Compl. at Ex. A; see also 13 Pa. Cons. Stat. Ann.
§ 1105(a) ("[W]hen a transaction bears a reasonable relation to this Commonwealth and also to
another state or nation the parties may agree that the law either of this Commonwealth or of such
other state or nation shall govern their rights and duties.").

[7]       Plaintiff also claims a loss of earnings from royalties caused by the destruction of
the manuscript.  Such a claim could be considered consequential damages for breach of contract,
provided Plaintiff shows that the damages are "(1) such as would normally and ordinarily result
from the breach, or (2) that they were reasonably foreseeable and within the contemplation of the
parties at the time they made the contract, and (3) that the damages can be proven."
Commonwealth, Dep't of Transp. v. Cumberland Constr. Co., 494 A.2d 520, 525 (Pa. Commw.
Ct. 1985) (citing Taylor v. Kaufhold, 84 A.2d 347, 351 (Pa. 1951)).  Without any allegations
suggesting that either party foresaw lost profit damages of a magnitude over one hundred and
fifty times greater than the original contract, the Court cannot find that a breach of the Publishing
Agreement would entitle Plaintiff to recover in excess of $75,000 in consequential damages.

Assocs., L.P., 2007 U.S. Dist. LEXIS 17071, at *4-5 (E.D. Pa. Mar. 9, 2007) (finding the

jurisdictional requirement met when a plaintiff sought damages "in excess" of $50,000 for

"severe and permanent injuries to various parts of her body that have required, and may continue

to require, medical care" and "a severe loss of earning capacity, which may also extend into the

future").

        Nor is Plaintiff's claim a federal copyright claim, which would allow the Court to

consider it and all related claims that "form part of the same case or controversy." 28 U.S.C. §

1367(a).  Although the Amended Complaint does not refer explicitly to the copyright statutes, its

reference to the "copyright book" and "the Federal law" suggest that Plaintiff may be alleging

that Defendant violated federal copyright law.[8]  Am. Compl. ¶¶ 3-4.  Despite the fact that

Plaintiff has not pointed to a specific statutory provision, the Court is required to "apply the

applicable law, irrespective of whether a pro se litigant has mentioned it by name."  Holley v.

Dep't of Veteran Affairs, 165 F.3d 244, 248 (3d Cir. 1999) (citing Small v. Lehman, 98 F.3d

762, 766 (3d Cir. 1996); Lewis v. Attorney Gen. of U.S., 878 F.2d 714, 722 n.20 (3d Cir. 1989)).

Even though Plaintiff makes a conclusory claim that Defendant violated copyright law, his only

factual allegation is that Defendant destroyed his manuscript.  Such an allegation does not, even

under a generous reading of the Amended Complaint, give rise to a copyright claim.  As the

Supreme Court has explained, a copyright infringement claim has two basic elements: "(1)

ownership of a valid copyright, and (2) copying of constituent elements of the work that are

_____

        [8]        The original Complaint makes the copyright claim in greater detail, both
providing copyright information for Plaintiff's book and alleging that Defendant violated "the
provisions of the copyright Statutes of the Act of Congress an[d] all other laws governing
copyright."  Compl. ¶¶ 4-5.

original." <u>Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 361 (1991) (citing <u>Harper & Row, Publishers, Inc. v. Nation Enters.</u>, 471 U.S. 539, 548 (1985)).  While Plaintiff does assert that he has a valid copyright, there is no basis for finding that the destruction of one copy of a work is tantamount to copying constituent elements of that work.

As the Third Circuit has explained, "dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" <u>Kulick v. Pocono Downs Racing Ass'n</u>, 816 F.2d 895, 899 (3d Cir. 1987) (quoting <u>Oneida Indian Nation v. County of Oneida</u>, 414 U.S. 661, 666 (1974)).  This Court may dismiss for lack of jurisdiction only if the federal claims are "insubstantial on their face." <u>Id.</u> at 898 (internal quotation marks omitted) (quoting <u>Hagans v. Lavine</u>, 415 U.S. 528, 542 n.10 (1974)).  Even construing the *pro se* filing liberally, the Court finds that destruction of a manuscript is insufficient to support a federal copyright claim and that such an allegation renders the claim so "completely devoid of merit as not to involve a federal controversy."[9] <u>Oneida</u>, 414 U.S. at 666.  Therefore, because the allegation of copyright infringement is so facially insubstantial that it fails to support an actual

---

[9]      Moreover, even if this Court were to consider papers outside of the two Complaints in deciding the jurisdictional issue, <u>see</u> <u>Sodi v. Discover Fin. Servs., Inc.</u>, 2004 U.S. Dist. LEXIS 24133, at *11 (E.D. Pa. Nov. 30, 2004) (considering a *pro se* plaintiff's jurisdictional arguments made in a supplemental brief that were not made in the complaint), Plaintiff's argument in response to the Motion to Dismiss remains the same: "Plaintiff brought this action [on] February 17, 2006, (1) alleging cause of action for destroyed or lost said book entitled; 'The Divine Law; The Law of God and The Law of The States Vol. I.,['] and for breach of contract, was [an] action arising under [the] Copyright Act."  Pl.'s Resp. to Def.'s Mot. to Dismiss Am. Compl. 4.

claim, the Court will not consider it as a basis for jurisdiction over the case.[10]

Thus, because the Court concludes that the amount in controversy is less than $75,000, the Court lacks jurisdiction and will grant Defendant's Motion to Dismiss.[11]  The Court will deny the alternative Motion for a More Definite Statement, as well as the cross-motions for security for costs, which are now moot.


### B.  Motion for Rule 11 Sanctions

Defendant moves for sanctions pursuant to Federal Rule of Civil Procedure 11, alleging that Plaintiff refuses to submit this case to arbitration despite the existence of an arbitration clause in the Publishing Agreement and that the Publishing Agreement submitted by Plaintiff is fraudulent.  See Def.'s Rule 11 Mot. ¶¶ 6-20.  The Court may "consider the special circumstances of litigants who are untutored in the law and allow some latitude in the preparation and filing of pleadings" when considering sanctions under Rule 11.  Barbee v. State Farm Mut. Auto. Ins. Co., 1993 U.S. Dist. LEXIS 14957, at *14 (E.D. Pa. Oct. 21, 1993).  "[A]fter giving due deference" to Plaintiff's *pro se* status and his apparent "unfamiliarity with the requirements of Rule 11," the Court will not impose sanctions at this time.  Id. at *14-15.

---

[10]      Nor will the Court include any possible recovery by Plaintiff on this insufficient claim in deciding whether the jurisdictional threshold is met.  See Packard, 994 F.2d at 1045-46 (explaining that a claim for punitive damages unavailable as a matter of law is not counted in determining whether the amount in controversy threshold is met).

[11]      The Court need not reach Defendant's motion to dismiss for failure to state a claim or its argument that the case should be dismissed pursuant to the Federal Arbitration Act (FAA) since the FAA does not create an independent source of subject matter jurisdiction.  See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983).

**III.  CONCLUSION**

  For the aforementioned reasons, Defendant's Motion to Dismiss will be granted, the alternative Motion for a More Definite Statement will be denied, the cross-motions for security for costs will be denied, and Defendant's Motion for Sanctions will be denied.  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAWRENCE BLANKENSHIP** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 06-709** |
| | : | |
| **XLIBRIS CORPORATION** | : | |

## ORDER

**AND NOW**, this 14th day of September, 2007, upon consideration of Defendant's Motion to Dismiss (docket no. 16), and Plaintiff's Response thereto (docket no. 17), it is **ORDERED** that the Motion is **GRANTED**, and the Clerk of the Court shall mark this case **CLOSED**.

**IT IS FURTHER ORDERED** that upon consideration of Defendant's Motion for a More Definite Statement (docket no. 16), Defendant's Motion for Security for Costs (docket no. 18), Plaintiff's Motion to Dismiss Defendant's Motion for Security for Costs (docket no. 19), Plaintiff's Response and Request for Attorneys Fees (docket no. 20), and Defendant's Response thereto (docket no. 24), the Motions are **DENIED** as moot.

**IT IS FURTHER ORDERED** that upon consideration of Defendant's Motion for Sanctions (docket no. 22), the Motion is **DENIED**.

**BY THE COURT:**


 **/s/ Bruce W. Kauffman**
**BRUCE W. KAUFFMAN,  J.**